Dear Senate Laughlin,
¶ 0 This office has received your letter asking for an official Attorney General Opinion addressing the following question:
May a county levy a sales tax to be transferred to and used by amunicipal trust authority for the purpose of sustaining andoperating a medical facility?
¶ 1 A county's power to levy a sales tax is found at 68 O.S.1370 (1999), which states in part:
 "A. Any county of this state may levy a sales tax of not to exceed two percent (2%) upon the gross proceeds or gross receipts derived from all sales or services in the county upon which a consumer's sales tax is levied by this state. Before a sales tax may be levied by the county, the imposition of the tax shall first be approved by a majority of the registered voters of the county voting thereon at a special election called by the board of county commissioners or by initiative petition signed by not less than five per cent (5%) of the registered voters of the county who were registered at the time of the last general election. . . ."
¶ 2 The Oklahoma Constitution requires that any law levying a tax must designate the purpose for which the tax is levied, and taxes levied for such purposes may not be devoted to another purpose. Specifically, Article X, Section 19 of the Oklahoma Constitution provides:
 "Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."
¶ 3 In addition to the limitation found in Article X, Section 19, Section 68 O.S. 1370 of Title 68 provides:
 "C. Any sales tax which may be levied by a county shall be designated for a particular purpose. Such purposes may include, but are not limited to, economic development, general operations, capital improvements, county roads, weather modification or any other purpose deemed, by a majority vote of the county commissioners, to be necessary to promote safety, security and the general well being of the people. The county shall identify the purpose of the sales tax when it is presented to the voters pursuant to the provisions of subsection A of this section. The proceeds of any sales tax levied by a county shall be deposited in the general revenue or sales tax revolving fund of the county and shall be used only for the purpose for which such sales tax was designated. . . ."
68 O.S. 1370(C) (1999) (emphasis added).
¶ 4 Section 1370 provides for the imposition of sales tax by a county for any purpose necessary to promote safety, security and the general well-being of the people. Sustaining and operating a county medical facility promotes the "safety, security and general well-being of the people" of the county. Your question poses a scenario wherein a county would use the proceeds of its sales tax not to fund its own facility, but to fund the activities of a municipal trust authority operating a medical facility. Such an arrangement would require an agreement between the municipal trust authority and the county. The Oklahoma Legislature has statutorily provided for such agreements by the provisions of the Interlocal Cooperation Act. See 74 O.S.1001-74 O.S. 1008 (1991-1999). The Interlocal Cooperation Act authorizes the following types of agreements at Section 1004:
 "(a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, and jointly with any public agency of any other state or of the United States to the extent that laws of such other state or of the United States permit such joint exercise or enjoyment. Any agency of the state government when acting jointly with any public agency may exercise and enjoy all of the powers, privileges and authority conferred by this act upon a public agency.
 "(b) Any two or more public agencies may enter into agreements with one another for joint or cooperative action pursuant to the provisions of this act. . . ."
¶ 5 Both the board of county commissioners and the trustees of a municipal trust authority are public agencies as defined in the Interlocal Cooperation Act. See 74 O.S. 1003(A)(3) (1991). A county may levy a tax to provide for the safety, security and general well-being of the people, which would presumptively include the operation and maintenance of a hospital. A public trust may be "established with a broad field of objectives as long as the objectives encompass a benefit to a large class of the public or lessen the burdens of government." Shotts v.Hugh, 551 P.2d 252, 254 (Okla. 1976). A public trust, therefore, may be created to operate hospitals. Because both a trust authority and a county may operate hospitals, the Interlocal Cooperation Act authorizes contracts between municipal trust authorities and counties to support the operations of a single medical facility. Further, a county may lawfully ask the voters of the county to increase the county sales tax rate, in an election held for such purpose, where all or a portion of the sales tax revenue would be used to fund the contract with a municipal trust authority for the operation of a hospital.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A county may, pursuant to the provisions of 68 O.S. 1370(1999), with voter approval levy a sales tax to fund an agreementbetween the county and a municipal trust authority for thepurpose of sustaining and operating a medical facility.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL